CARMEN MARÍA SEVILLA ET ALS., Plaintiffs and Appellees, *v.* MARÍA LUISA SEVILLA Y GARCÍA, Defendant; COMPAÑÍA AZUCARERA DEL TOA, Defendant and Appellant.

No. 9590.  Argued April 8, 1948.—Decided July 23, 1948.

---

[1] Section 205 (*e*) was amended on this date.

232

Gaspar Rivera Cestero for appellant. José López Baralt, Leopoldo Santiago Carmona, Benjamín Ortiz and Alvaro Ortiz for appellees.

Mr. Justice Snyder delivered the opinion of the Court.

In 1941 the appellees filed suit against Compañía Azucarera del Toa in the District Court of Bayamón for revendication of a 30–cuerda farm which was allegedly located in Ward Campanillas in the municipality of Toa Baja.

In support of their claim, the appellees alleged that this tract belonged to their predecessors in interest in whose favor it was recorded by virtue of a possessory proceeding instituted on February 27, 1900, decided on the same day and recorded on March 22; that in 1905 the farm was rented to Juan Vilá who was in possession thereof until 1917 or 1918, at which time the defendant illegally took possession of the same, refusing to restore possession thereof in spite of the requests to that effect made by some of the plaintiffs.

On the other hand, the defendant alleged that in 1917 it bought from María Josefa Fabián a farm of 449 cuerdas located in Ward Campanillas which had been acquired from Cándido García Cobián in 1901 by just title duly inscribed in the registry; that after going into possession of the said farm, García Cobián ejected the predecessors in interest of the plaintiff from 30 cuerdas of the same which they were occupying and that since then they had not been in possession of any portion of the said tract of 449 cuerdas which in its entirety now belongs to the Land Authority.

The district court entered judgment in favor of the plaintiffs, and the defendant appealed. The latter has assigned a number of errors. We discuss first one of the errors in view of the fact that if it was committed the judgment must be reversed, making it unnecessary to examine the other errors.

██ The defendant assigns as error the refusal of the lower court to hold that the plaintiffs never identified the farm they were claiming. The rule invoked by the defendant is as follows: ". . . In order that an action of revendication can be successfully exercised it is essential that the plaintiff establish not only the title of ownership under which he claims the property sought to be recovered, but also the identity of the property itself. . . ." *Monje* v. *Osorio*, 42 P.R.R. 141, 145.

We turn to an examination of the complaint and the evidence to see if this test has been met in the instant case. The farm which the plaintiffs seek to revendicate in this case is described in the complaint as follows:

"Land with a house in Ward Media Luna in Campanillas, of Toa Baja, consisting of 30 cuerdas, equivalent to 11 hectares, 79 ares and 12 centiares, bounded on the North by the Hacienda Campanillas; on the South and the East, by the Heirs of José María San Juan; on the West, by Caño Campanillas, José Romualdo García, José Nevárez Landrón, today his Heirs, and the Heirs of Jorge Hernández."

Before turning to the testimony offered by the plaintiffs to identify the farm, we note that the land which the plaintiffs seek to revendicate if it is not an integral part of the farm of a larger size which the defendant owned at this location, at least bounded thereon. Consequently, its alleged illegal possession thereof resulted in making it a single tract of land as part of the Campanillas farm. And in cases of this nature, where the farm in controversy is included within other lands, it is indispensable that the description of the land involved be sufficiently clear, establishing with precision

the metes and bounds, in order for the marshal to be able to identify it when called upon to execute the judgment. *Monje* v. *Osorio, supra; León* v. *Pérez,* 68 P.R.R. 823, *Gerardino* v. *People,* 55 P.R.R. 862; *Torres* v. *Capital of P. R.,* 54 P.R.R. 340; *People* v. *Rojas,* 53 P.R.R. 115; *Mollá* v. *McK.Jones,* 41 P.R.R. 901; *Pérez* v. *Gerena,* 41 P.R.R. 106; *García Domínguez* v. *Rivera,* 40 P.R.R. 3; *Caneja* v. *Rosales & Co.,* 19 P.R.R. 256; *Siragusa* v. *The People,* 18. P.R.R. 579.[1] In the absence of such a description, it would be impossible to execute the judgment and to give possession of the land to the plaintiff: the object of revendication is not X number of cuerdas, but a specific tract of X cuerdas.

The first witness for the plaintiffs was Juan Vilá Santiago. He testified that he knew the farm of 30 cuerdas sought to be revendicated, and that it was situated in Ward Media Luna of Toa Baja. First he testified that it was bounded on the North by Caño Campanillas, stating that Caño Campanillas and Hacienda Campanillas are the same thing; on the South, by the Heirs of José Romualdo García in part, and in part, by the Heirs of Hernández; on the East, by the farm Campanillas; and on the West, by the Heirs of Hernández and Caño Campanillas. Then the court asked him about Caño and other boundary estates and he said that on the South it was bounded by the farm Campanillas and José Romualdo García, and on being asked if José María San Juan bounded it on the East, he answered that it was the farm Campanillas. Thereafter, he testified that it was bounded on the South by José Romualdo García and the farm Campanillas. Finally, he testified in such a manner that the court said: "And from the very first he has changed the locations of the boundary estates as described in the complaint."

Nevertheless, the question is not whether the testimony of Vilá was of such a nature that it might serve to correct any defect in the description of the farm in the complaint.

---

[1] The same rule prevailed in Spain under the *Siete Partidas. Tercera Partida, Título* II, *Ley* XXV.

Rather his testimony shows on its face that his description was so uncertain and imprecise that the witness obviously could not identify the farm.

Rafaela Providencia Sevilla, one of the plaintiffs, testified that the farm of 30 cuerdas was bounded on the North by Caño Campanillas; on the South, by the farm Campanillas; on the Southeast, by the farm of José Romualdo García and the farm Campanillas; on the East, by José María San Juan, which is the old farm Campanillas; and on the West in part by Caño Campanillas, and the farm Hernández of Jorge Hernández. This testimony just as in the case of the testimony of Vilá, varied the boundaries alleged in the complaint and in no way furnished any aid in the effort to identify with precision the land in controversy.

Jenaro Vázquez Muñoz, another witness, scarcely knew the boundary estates, as his testimony shows: "Q. What boundaries do these 30 cuerdas have? A: The boundaries? With the Campanillas farm; the Caño; with José María San Juan; with a corner of the Caño; and on the West with the Caño. As to the other boundaries, I do not know; I don't know how to describe them, because I entered there and I came out."

The next witness was Arturo Sevilla, who testified as follows: "Q. Do you know the boundaries of that farm of 30 cuerdas?. A: Yes, I know some of them. On the East, the lands of Campanillas, that is, the same lands of José María San Juan. On the North, by Caño Campanillas, and after Caño Campanillas, lands of the Heirs of Nevárez, today Fonalledas Brothers. On the side of these gentlemen also José Nevárez Negrón had lands. On the West, partly Caño Campanillas, which was called Caño; Heirs of Jorge Hernández; and José Romualdo García; and partly also the farm Campanillas; and on the South, the lands of Campanillas, that is, José María San Juan."

This witness adds some boundaries to the northern part of the farm and eliminates others from the western part.

The net effect is that his testimony, together with the other unsatisfactory testimony, makes the description of the property even more confusing.

In rebuttal the plaintiffs presented Pelegrín Nevárez as a witness "in order to show that that part of the testimony of Saturnino Hernández is not in accordance with the true facts as to Cándido García Cobián, Pepe Cestero, and Segundo Mas, which is not rue." In replying to certain preliminary questions with reference to the land in controversy, in order then to pass to the question for which his testimony was being presented, the witness set forth the boundaries in the same way as they appear in the complaint. But as we have seen, the land claimed is included within other lands and as we have said, in such cases mere mention of boundaries is not enough, as a more precise identification is indispensable.

The judgment entered by the district court gives the same description of the property as that found in the complaint as quoted above. This reinforces our view that the testimony herein was not sufficient under the circumstances of this case to identify the farm in question.

The conclusion is inevitable that the testimony offered by the plaintiffs discloses that it would be impossible for the marshal to identify the farm in controversy if the plaintiffs were to prevail. We shall therefore reverse the judgment and enter a new judgment dismissing the complaint with costs.[2]

---

[2] At the close of the testimony for the plaintiffs, the defendants moved for a nonsuit on the ground that the property had not been identified. Counsel for the plaintiffs then indicated that they proposed to move for an ocular inspection, which they never did. We attach some significance to the fact that no ocular inspection was ever made. In *Caneja* v. *Rosales & Co., supra,* 259, we said the following: "No ocular inspection of the premises was made, this being a kind of evidence which, although unnecessary, may be important in cases of this character, inasmuch as it allows the judge to settle on the spot the facts testified to by the witnesses and to reach more certain and accurate conclusions with reference to the matters in controversy."